PRICE, Judge.
Howard Dwaine Paddie has appealed the judgment awarding his wife, Cheryl Renna Paddie, a separation on grounds of cruel treatment. The sole allegation of fault against defendant is that he moved plaintiff into the residence of his parents and that she was unable to endure such a situation.
We reverse.
The parties were married on June 4,1976, and immediately established a residence at Egan Arms Apartments in Shreveport under a six-month written lease. At the termination of the lease, defendant was unwilling to renew for an additional six months as he understood his wife was not happy at this location. Defendant had not taken any steps to procure another apartment and was confronted with vacating the premises immediately. He made arrangements with his parents for himself and his wife to stay at the parents’ residence until he could find a suitable place. Defendant contends and the evidence establishes that his wife agreed to this temporary arrangement.
On the sixth day after moving in with defendant’s parents, plaintiff moved out and has not returned.
Plaintiff contends defendant made no effort to find another apartment during this time, and that he was content to remain in his parents’ home.
Defendant testified he was working during the day and attending school at night which had made it difficult for him to find a place in such a short period of time. He further testified that after plaintiff moved out of his parents’ house, he offered to sell his truck and boat to enable him to purchase a home if plaintiff would agree to return. Plaintiff admits she rejected this offer as she did not feel defendant could afford to purchase a home. Plaintiff also admits in her testimony that defendant’s parents treated her well and were nice to her during her brief stay in their home.
Although the Supreme Court in Cormier v. Cormier, 193 La. 158, 190 So. 365 (1939), acknowledged the cruel treatment of a husband who forced his wife to live in close proximity with his parents, the hostility of the husband’s parents toward the wife in *855 that case is a dispositive factor not found in the present case and has been distinguished as such by the Supreme Court in Artigues v. Artigues, 172 La. 884, 135 So. 665 (1931).
The premise underlying the rule that a husband must provide a home separate from his parents is based upon the possible problems and conflicts arising between the wife and the parents. Under the present facts, the problems experienced by the parties arose before they moved into his parents’ house, and there is no evidence that any new problems were caused by living the few days with his parents.
The circumstances presented do not entitled plaintiff to a judgment of separation on grounds of cruel treatment casting defendant with fault.
Defendant has in brief to this court indicated he has withdrawn his demand in re-convention for a separation on the grounds of constructive abandonment.
For the reasons assigned, the judgment appealed is reversed insofar as it awarded plaintiff a separation from bed and board and her demands are rejected. The judgment rejecting defendant’s reconventional demand is affirmed. Cost of these proceedings are assessed to defendant.